1

HONORABLE MARSHA J. PECHMAN

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

BELMAIN PLACE CONDOMINIUM
OWNERS ASSOCIATION, a Washington non-
profit corporation,

NO.  2:19-CV-156 MJP

9

10

Plaintiff,

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

11

v.

**NOTE ON MOTION CALENDAR:**
July 12, 2019

12

13

THE AMERICAN INSURANCE COMPANY,
a foreign insurance company,

14

Defendant.

15

## I.   INTRODUCTION

16

This lawsuit arises out of a multi-million-dollar property insurance claim for water

17

intrusion damage at the Belmain Place Condominium. In response to a claim submitted by

18

plaintiff Belmain Place Condominium Owners Association in February 2018, defendant The

19

American Insurance Company performed an investigation and issued a final written coverage

20

determination in September 2018 wherein American denied coverage for the claim.

21

American's denial set forth a straightforward position as to the cause of the loss at issue and

22

denied coverage based on that position. American further clarified the basis of its denial in its

23

December 2018 written response to the Association's Insurance Fair Conduct Act notice.

24

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1
(No. 2:19-CV-156 MJP)

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1   This Motion is based on the plain terms of American's policies and American's express

2   admissions in its September 2018 denial and December 2018 IFCA response. The

3   Association seeks summary adjudication from the Court that, based on American's

4   admissions and the terms of its policies, coverage is owed as a matter of law for any water

5   intrusion damage at the property.

6   **II.   SUMMARY OF THE ISSUES**

7   Insurance coverage issues can be esoteric and detail-oriented, with protracted

8   litigation occurring over things such as the placement of a comma in a sentence. There are

9   admittedly some details in this coverage analysis that require a careful reading. But

10   everything tracks in favor of the relief the Association seeks through this Motion, and the

11   unavoidable reality for American is that the admissions it made in denying coverage result in

12   coverage being owed under the policy rather than serving as a basis for denying coverage,

13   which is what American did.

14   In terms of the details surrounding the denial and the coverage issues, it was, and is,

15   American's admitted position that any water intrusion damage (the loss at issue) was the

16   result of defective construction and/or maintenance which, in American's view, set in motion

17   a sequence of events that led to the damage. Under American's admitted position regarding

18   causation, however, coverage for any water intrusion damage existing at the condominium is

19   owed as a matter of law under the plain terms of American's policies.

20   This is because although the policies contain an exclusion for defective

21   construction/maintenance, that exclusion contains what is known in the industry as an

22   "ensuing loss" provision. Under the terms of that ensuing loss provision, if defective

23   construction/maintenance results in a covered loss, that resulting (or ensuing) loss is covered.

24

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

1    Here, American admits in its denial letters that any water intrusion damage at the property

2    ensued from defective construction/maintenance. As a result, in order to defeat coverage

3    American would need to show that water intrusion damage is excluded by some specific

4    provision in the policy. It is not.

5           Implicitly conceding that there is no specific exclusion for water intrusion damage in

6    the policy, American attempts to rely on two more generic exclusions that encompass a

7    catchall of several individual perils:   wear and tear, rust, corrosion, fungus, decay, and

8    deterioration. Per the language of the policy, for these exclusions to apply to a given loss the

9    loss must have been "caused by" one of the distinct perils excluded. And under an

10   amendment to the policies, "caused by" means the peril must either:  (1) be the direct and

11   sole cause of the loss, or (2) initiate a sequence of events that causes the loss.

12          Due to American's admissions in denying the claim, neither of the "caused by"

13   conditions for the exclusions can be met, which means none of the exclusions apply to this

14   loss under their plain terms. First, according to American's admitted position, none of the

15   exclusions—wear and tear, rust, corrosion, fungus, decay and deterioration—was the direct

16   and sole cause of the loss because the loss was concurrently caused by defective

17   construction/maintenance and rain. And second, American admitted that it was defective

18   construction/maintenance that initiated the sequence of events that led to the water intrusion

19   damage, such that the sequence of events was *not* initiated by wear and tear, rust, corrosion,

20   fungus, decay, or deterioration. As a result, none of these exclusions—wear and tear, rust,

21   corrosion, fungus, decay, and deterioration—applies for the purpose of killing (or excluding)

22   the ensuing loss of water intrusion damage.

23

24

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1   Water intrusion damage, a peril specifically recognized in the Western District,

2   ensued from defective construction/maintenance. None of the exclusions relied upon by

3   American in denying the claim passes muster under careful examination to exclude water

4   intrusion damage at the Belmain Place Condominium. The defective construction/

5   maintenance exclusion fails due to the ensuing loss clause it contains. And the wear and tear,

6   rust, corrosion, fungus, decay, and deterioration exclusions fail because by American's own

7   admissions they do not meet the "caused by" requirement contained in the policies. As a

8   result, even if one adopts the very positions taken by American as they relate to this loss, any

9   water intrusion damage is covered as a matter of law.

10   **III.   STATEMENT OF FACTS**

11   **A.  Procedural Posture**

12   The Belmain Place Condominium consists of 40 condominium units incorporated in

13   eight residential buildings on 146th Avenue SE in Bellevue, Washington. The Belmain Place

14   Condominium Owners Association was insured by American from 2008 through 2016. The

15   policies at issue are all property insurance policies and are written on "all risk" forms such

16   that if a given loss or peril is not specifically excluded, it is covered.

17   The claim at issue was made by the Association through a notice of loss dated

18   February 27, 2018, through which the Association sought coverage for water intrusion

19   damage that it had uncovered at the property.[1] After receiving the notice of loss from the

20   Association, American retained an expert, Zeno Martin of Wiss, Janney, Elstner Associates,

21   to inspect the buildings and the damage uncovered by the Association.[2] While the expert

22   ───────────────

23   [1] Declaration of Zachary O. McIsaac, Ex. A (exhibits not attached but will be made available to the Court upon request).

24   [2] *Id.*, Ex. B.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4
(No. 2:19-CV-156 MJP)



Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

hired by American disagreed regarding the amount of damage uncovered, American's expert did conclude that due to defects in the original construction of the building's envelope—i.e., siding, windows, flashing, etc.—and alleged improper maintenance, water intruded into the buildings and caused some level of water intrusion damage.[3]

On September 20, 2018, American sent a letter to its policyholder denying any coverage for the water intrusion damage at the condominium.[4] Because the Association believed that the denial was unreasonable for a number of reasons (discussed at length below), on December 6, 2018 the Association sent American a notice under RCW 48.30.015, Washington's Insurance Fair Conduct Act ("IFCA").[5] Reaffirming its denial, American responded to the IFCA notice on December 18, 2018.[6] The Association filed suit on February 1, 2019.[7]

**B.  The Policies**

American insured the property from 2008-2016.[8] Filing all nine years of the American property policies as exhibits to this Motion would result in over 1,000 pages of documents being submitted to the Court. That is unnecessary because the policy terms germane to the Motion are the same in all of the American policies—something which American's denial and IFCA response acknowledges. As such, the Association is providing a complete copy of the 2009-10 policy,[9] as well as an excerpt that contains the key forms in

---

[3] *McIsaac Dec.*, Ex. C.

[4] *Id.*, Ex. D.

[5] *Id.*, Ex. E.

[6] *Id.*, Ex. F.

[7] Dkt. # 1.

[8] *McIsaac Dec.*, Ex. D.

[9] *Id.*, Ex. G.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

relation to the coverage issues at play in this Motion.[10] (The Association is happy to file all of the American property policies with the Court upon request.)

As mentioned, the policies at issue here are all-risk policies and as such cover all perils or risks of loss not specifically excluded by the terms of the policies.[11] For the purpose of this motion, the language of an endorsement that American chose to attach to the policies at issue is crucial. That endorsement, entitled "Washington Changes – Excluded Causes of Loss – IL0173 07-02," does two important things:  (1) it changes the lead-in paragraph to all exclusions; and (2) it deletes and replaces the primary exclusion relied upon by American, the defective construction/maintenance exclusion.

The mechanism for change number one is the inclusion of the following language:

> [I]n the sections titled Covered Causes of Loss or Exclusions, any introductory paragraph preceding an exclusion or list of exclusions is replaced by the following paragraph, which pertains to application of those exclusions:

> We will not pay for loss or damage cause by any of the excluded events described below.  Loss or damage will be considered to have been caused by an excluded event if the occurrence of that event:

> a. Directly and solely results in loss or damage; or

> b. Initiates a sequence of events that results in loss or damage, regardless of the nature of any intermediate or final event in that sequence.[12]

The effect of this provision is that when reading any of the exclusions in the policy, you must delete any existing prefatory language and replace it with the language above. As will be

---

[10] *McIsaac Dec.*, Ex. H.

[11] *Id.*

[12] *Id.*

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6
(No. 2:19-CV-156 MJP)

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1   discussed below, the requirement that any damage must be "caused by" the excluded peril

2   and the definition of "caused by" are critical.

3          As to the second substantive and important change, the Washington Endorsement

4   provides that the defective construction/maintenance exclusion (B.3.c. in the base Causes of

5   Loss form) is

6                 replaced by the exclusion in paragraph C.2. below:

7                 C.  2. Exclusions

8                 a.       Acts or decisions, including the failure to act or decide, of
                           any person, group, organization or governmental body.  But
9                          if loss or damage by a Covered Cause of Loss results, we will
                           pay for that resulting loss or damage.
10
                 b.       Faulty, inadequate or defective:
11
                           (1) Planning, Zoning, development, surveying, siting;
12                         (2) Design     specifications,    **_workmanship,    repair,_**
                               **_construction_**,    renovation,    remodeling,    grading
13                             compaction;
                           (3) Materials used in repair, construction, renovation or
14                             remodeling;
                               or
15                         (4) **_Maintenance;_**

16                        of part or all of any property on or off the described
                          premises.  **_But if loss or damage by a Covered Cause of_**
17                        **_Loss results, we will pay for that resulting loss or_**
                          **_damage._**[13]
18
           The critical component of the modified defective construction/maintenance exclusion
19
     for this Motion is the final unnumbered paragraph, which provides that if loss or damage by a
20
     Covered Cause of Loss (a phrase which simply means a cause of loss not otherwise
21
     excluded[14]) results from defective construction/maintenance, that damage is covered under
22

23   _____
     [13] _McIsaac Dec._, Ex. H (emphasis added).

24   [14] _Id._

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

the policies. This is commonly referred to as an ensuing loss clause—i.e., if a covered loss ensues from an excluded event, the ensuing loss is covered. Here, the ensuing loss is the water intrusion damage that resulted when the original construction defects and/or alleged negligent maintenance allowed rain to enter the building envelope.

Neither American nor its expert dispute that to the extent there is water intrusion damage at the condominium, it ensued (or resulted) from defective construction/maintenance.[15] In fact, as discussed below, American unreasonably relies on this truth to support its denial of the claim. As a result, and because these are all-risk policies, in order to defeat coverage American needs to be able to point to an exclusion in the policies that specifically excludes the ensuing loss—here, the water intrusion damage. As shown in this Motion, American cannot meet this challenge.

**C.  The Denials and American's Position Regarding the Loss**

As indicated, American issued two separate written statements regarding its denial of this claim. The first was a traditional denial letter, and the second was a response to the Association's IFCA notice. Both letters took straightforward and unequivocal positions regarding the cause of the loss at issue.

The first denial of the claim from American is dated September 20, 2018 and is signed by Paul Blanchard, Executive General Adjuster for American. In this letter, American, quoting its expert, admits that "localized construction deficiencies provide paths for moisture intrusion, water infiltration and/or condensation at exterior walls, attics and crawlspaces."[16] American goes on to list in bullet fashion a number of specific construction defects identified at the buildings (also based on American's expert's report) and admits that these "can allow

---

[15] *See generally McIsaac Dec.*, Exs. C, D & F.

[16] *McIsaac Dec.*, Ex. D.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8
(No. 2:19-CV-156 MJP)

water to penetrate the cladding and, theoretically, to damage to [sic] the wood building components."[17] Finally, American admits that "[a]ny such damage would result from inadequate or defective construction and maintenance leading to a sequence of events including water, apparently from rain, that penetrated through the exterior cladding which then resulted in the damage to the sheathing and framing."[18] Based on this, American admits that "any damage the buildings may have experienced therefore would fall within exclusions for faulty, inadequate or defective construction, repairs and maintenance."[19] In the September 2018 denial, American cites to the correct version of the defective construction/maintenance exclusion (i.e., the one modified by Washington Changes – Excluded Causes of Loss endorsement)—the one that contains an internal ensuing loss provision. But after citing to the correct version of the exclusion, American then fails to address the application of the ensuing loss clause to this loss.

The second denial, which was American's IFCA response, was dated December 18, 2018. This letter was signed by Jay Framson, Senior Counsel for American, and for the most part reiterated the positions taken in the September 2018 denial. American's IFCA response did differ from its denial in one material way:  American's IFCA response misstated the actual terms of the policies as they relate to the ensuing loss provision.

Page six of American's IFCA response provides:

> Your letter also quotes the "ensuing loss" or "resulting loss" language that precedes the faulty construction, repair and maintenance exclusions in Causes of Loss Form 141035 12-88:

---

[17] *McIsaac Dec.*, Ex. D.

[18] *Id.*

[19] *Id.*

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

3.      We will not pay for loss or damage caused by or resulting from any of the following.  *But if loss or damage by a Covered Cause of Loss results, we will pay for that resulting loss or damage.*

(Emphasis added.)  You quote this provision for the proposition that water intrusion damage should be considered a covered "ensuing loss" even if it resulted from faulty or inadequate construction, repairs or maintenance.  However, as discussed above, the prefatory language of Washington Changes – Excluded Causes of Loss form no. IL0173 07-02 replaces this language.  Thus, any damage to elements beneath the cladding from water intrusion would not be covered as an "ensuing loss" to the extent it resulted from faulty or inadequate construction, repairs or maintenance.

American's position as to what its policies' forms state is simply wrong. As discussed and quoted above, while it is true that in the base form of the policies the ensuing loss provision precedes the defective construction/maintenance exclusion and, thus, would be removed by virtue of the inclusion of the Washington Changes – Excluded Causes of Loss endorsement, the other substantive change contained in that exact same endorsement is to re-insert the ensuing loss provision by placing it at the bottom of the defective construction/maintenance exclusion. Remarkably, the endorsement relied upon by American to disregard the Association's ensuing loss argument is the same one that includes the language that debunks American's argument.

Likely more important to the outcome of this Motion, however, American's IFCA response reconfirmed American's admissions as to the issue of causation. American's IFCA response states that "to the extent there is damage to the building components due to water intrusion, such damage was the result of a 'sequence of events' that were set in motion by the original defects in the construction of the building, together with subsequent inadequate repairs and maintenance . . . ."[20] Thus, American admits again that there was no direct and

[20] *McIsaac Dec.*, Ex. F.

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

sole cause of the loss because the loss was caused concurrently by construction defects, alleged inadequate maintenance and/or repairs, and rain. American's IFCA response also doubles down on American's admitted position that it was defective construction/maintenance that initiated the sequence of events that led to this loss.[21]

### IV.   RELIEF REQUESTED

Based on the plain terms of American's property policies and American's admissions in its September 20, 2018 denial and December 18, 2018 IFCA response, the Association requests a summary judgment ruling from the Court that the policies cover as a matter of law any water intrusion damage at the property. This is because:

1.   The defective construction/maintenance exclusions in American's policies—and relied upon by American—contain an ensuing loss clause;

2.   American admits that any water intrusion damage at the property ensued from defective construction/maintenance;

3.   Water intrusion damage is not specifically excluded by American's policies; and

4.   All of the other exclusions relied upon by American to deny coverage do not apply pursuant to American's admissions as to the cause of the loss and the definition of "caused by" that applies to all of these exclusions under American's policies.

The granting of this relief will resolve the issue of whether coverage is owed under the policies for any water intrusion damage at the property, though admittedly will leave for later

---

[21] *McIsaac Dec.*, Ex. F.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11
(No. 2:19-CV-156 MJP)



Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1  adjudication the issues of whether water intrusion damage exists and, if so, the amount of

2  coverage owed for the remediation of water intrusion damage.

3  ### V.   LEGAL ARGUMENT

4  Summary judgment "shall be granted where the movant shows that there is no

5  genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of

6  law." The nonmoving party avoids summary judgment when it "set[s] forth specific facts

7  which sufficiently rebut the moving party's contentions and disclose the existence of a

8  genuine issue as to a material fact."[22] To this end, "the nonmoving party may not rely on

9  speculation, [or] argumentative assertions that unresolved factual issues remain."[23] In the

10 same vein, "bare assertions that a genuine material issue exists will not defeat a summary

11 judgment motion in the absence of actual evidence."[24]

12 "Interpretation of language in an insurance policy is a question of law."[25] "An all-risk

13 policy consists of 'a grant of coverage counterbalanced by coverage exclusions,' and any

14 peril that is not specifically excluded in an all-risk policy is an insured peril."[26] "The insurer

15 bears the burden of proving that a claim falls within the scope of an exclusion."[27]

16 "Exclusionary clauses should be construed against the insurer with special strictness."[28]

17

---

18 [22] *Ranger Ins. Co. v. Pierce Cty.*, 164 Wn.2d 545, 552 (2008) (internal citations omitted).

[23] *Id.*

19 [24] *Trimble v. Wash. State Univ.*, 140 Wn.2d 88, 93 (2000).

20 [25] *Siena De Lago Condo. Ass'n v. Am. Fire & Cas. Co.*, No. C12-251, 2013 WL 2127137, at *2 (W.D. Wash. May 14, 2013), *aff'd*, 639 F. App'x (9th Cir. 2016) (citing *Vision One, LLC v. Phila. Indem. Ins. Co.*, 174 Wn.2d 501, 276 P.3d 300, 305 (2012)).

21 [26] *Fisher Commc'ns, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. C11-1225 TSZ, 2012 WL

22 12883115, at *3 (W.D. Wash. Sept. 4, 2012) (citing *Findlay v. United Pac. Ins. Co.*, 129 Wn.2d 368, 377-78, 917 P.2d 116 (1996)).

23 [27] *Churchill v. Factory Mut. Ins. Co.*, 234 F. Supp. 2d 1182, 1187 (2002) (citing *Queen City Farms v. Central Nat'l Ins. Co. of Omaha*, 126 Wn.2d 50, 65, 891 P.2d 718 (1995)).

24 [28] *McAllister v. Agora Syndicate, Inc.*, 103 Wn. App. 106, 109, 11 P.3d 859 (Wash. Ct. App. 2000).

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 12
(No. 2:19-CV-156 MJP)

1    As indicated above, the American policies at issue are all-risk policies. And while the

2    policies contain an exclusion for defective construction/maintenance, that defective

3    construction/maintenance exclusion contains an ensuing loss clause. Here, the Association

4    presented a loss consisting of water intrusion damage that even American's expert concedes

5    ensued from defective construction/maintenance that allowed water to intrude into the

6    buildings.

7    In *Churchill v. Factory Mut. Ins. Co.*,[29] Judge Zilly of the Western District looked at

8    the issue of water intrusion damage and held that it is a distinct peril that needs to be

9    specifically excluded. As a result, in order to defeat coverage for the ensuing loss of water

10   intrusion damage, American must be able to point to a specific exclusion in its policies that

11   excludes water intrusion damage. No such exclusion exists. Implicitly admitting this,

12   American attempts to stretch other more general exclusions in the policy to avoid coverage

13   for the Association's ensuing loss claim.

14   Specifically, the denial attempts to apply two exclusions that contain several distinct

15   excluded perils to support its contention that the ensuing loss of water intrusion is excluded

16   under the terms of the policy:

17        We will not pay for loss or damage *caused by* any of the excluded
          events described below. . . .
18

          (1) Wear and tear;
19        (2) Rust, corrosion, fungus, decay, deterioration . . .[30]

20   None of these excluded perils applies.

21   This is due in large part to the change American made to its own policies by way of

22   the Washington Changes – Excluded Causes of Loss endorsement that applies specific lead-

23   [29] *Churchill v. Factory Mut. Ins. Co.*, 234 F. Supp. 2d 1182 (2002).

24   [30] *McIsaac Dec.*, Exs. D & F (emphasis added).

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 13
(No. 2:19-CV-156 MJP)

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T: 206.386.5900  F: 206.344.7400

1   in language to these exclusions. As discussed above, under the terms of that endorsement,

2   loss is only excluded by wear and tear, rust, corrosion, fungus, decay, or deterioration if the

3   loss in question was "caused by" the excluded peril, and "caused by" is defined to require

4   that the excluded peril either:  (1) directly and solely results in the loss; or (2) initiates a

5   sequence of events that results in the loss. Here, however, American admits that the water

6   intrusion damage was not "caused by" wear and tear, rust, corrosion, fungus, decay, or

7   deterioration.

8       In fact, American's IFCA response admits that American is only relying upon what it

9   refers to as the "second prong" of the "caused by" requirements:

10          [S]uch damage [referring to water intrusion damage] ***was the result of***
            ***a 'sequence of events' that were set in motion by the original defects***
11          ***in the construction of the building, together with subsequent***
            ***inadequate repairs and maintenance, i.e., the "second prong" of the***
12          ***exclusion preface."***

13                                              . . .

14          TAIC [American] relied on the "sequence of events" prong of the
            exclusion to deny coverage.[31]

15      As instructed by *Vision One, LLC v. Phila. Indem. Ins. Co.*,[32] once an insurer has

16  decided to rely solely on one prong of a causation amendment such as the one included in the

17  American policies, it is precluded from changing its position during subsequent litigation.[33]

18  Here, even were American to attempt to change its position on which "prong" of "caused by"

19  it is relying upon, it has also been unequivocal in admitting that there were multiple things

20

21  [31] *McIsaac Dec.*, Ex. F (emphasis added).

22  [32] *Vision One, LLC v. Phila. Indem. Ins. Co.*, 276 P.3d 300, 310 (2012) (holding that insurer that
    relied on second prong of exclusion to deny coverage could not, in subsequent litigation, rely on first
    prong or efficient proximate cause rule to justify denial of coverage).

23  [33] Ironically, this precise premise is relied upon by American in its December 18, 2018 IFCA
    response.

24

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 14
(No. 2:19-CV-156 MJP)

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1  that combined to cause this loss—i.e., defective construction, improper maintenance and/or

2  repairs, and rain.

3       Similarly, American has been unequivocal in its admission regarding what initiated a

4  "sequence of events" that led to this loss. Perhaps based on American's failure to fully

5  appreciate the changes brought about by the inclusion of the Washington Changes –

6  Excluded Causes of Loss endorsement—i.e., that it re-inserted an ensuing loss provision into

7  the defective construction/maintenance exclusion—American was adamant in admitting that

8  the initiating cause was "original defects in the construction of the building, together with

9  subsequent inadequate repairs and maintenance."[34] Just as an insurer cannot change its

10  position on which "prong" of the "caused by" requirements it is relying upon, American is

11  now estopped from changing its position regarding causation to now mend its hold.[35] As a

12  result, American cannot be heard to now somehow argue that one of its other exclusions—

13  wear and tear, rust, corrosion, fungus, decay, or deterioration—initiated the sequence of

14  events that led to this loss. American made its bed through its admissions and now must lie in

15  it.

16  //

17  //

18  //

19

20

21

22  [34] *McIsaac Dec.*, Ex. F.

23  [35] *Vision One v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501, 520 (2012); *Karpenski v. Am. Gen.
Life. Co., LLC*, 999 F. Supp. 2d 1235 (W.D. Wash. 2014); *Ledcor Indus. (USA) Inc. v. Virginia Sur.

24  Co., Inc.*, No. 09-CV-01807 RSM, 2012 WL 223904, at *2 (W.D. Wash. Jan. 25, 2012).

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 15
(No. 2:19-CV-156 MJP)

1

## VI.    CONCLUSION

2       This is a straightforward issue for the Court to resolve. American admits that to the

3 extent there is water intrusion damage at the condominium, that damage was caused by

4 construction defects/maintenance that initiated a sequence of events that allowed water to

5 enter the buildings and cause damage. Per the terms of American's policy, these admissions

6 result in American owing coverage for any water intrusion damage at the property. As such,

7 the Association respectfully requests that the Court grant this Motion.

8       DATED this 20th day of June, 2019.

9                        ASHBAUGH BEAL

10                       By s/ Zachary O. McIsaac
                            Jesse D. Miller, WSBA #35837
11                          jmiller@ashbaughbeal.com
                            Zachary O. McIsaac, WSBA #35833
12                          zmcisaac@ashbaughbeal.com
                            Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 16
(No. 2:19-CV-156 MJP)

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on June 20, 2019, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system, which will send notification of such

4   filing to the following:

5              Robert M. Sulkin – rsulkin@mcnaul.com
              Malaika M. Eaton – meaton@mcnaul.com
6              Curtis C. Isacke – cisacke@mcnaul.com
              MCNAUL EBEL NAWROT & HELGREN PLLC
7              *Attorneys for The American Insurance Company*

8        The foregoing is true and correct to the best of my knowledge and belief.

9        Dated this 20th day of June, 2019, at Seattle, Washington.

10                                        s/ Teresa MacDonald
                                        Teresa MacDonald
11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 17
(No. 2:19-CV-156 MJP)

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400