HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BELMAIN PLACE CONDOMINIUM OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE AMERICAN INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | NO. 2:19-CV-156 MJP<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

The Association brought a straightforward motion asking the Court to interpret the policy language at issue, most notably the ensuing loss provision, and to provide useful guidance to the parties about what is covered under the policies issued by AIC. Banking on the old adage that a confused mind always says no, AIC attempts to muddy the issues presented, discuss irrelevant and undisputed Washington law, and mischaracterize the relief requested by the Association. The issues before the Court are not nearly as confusing as AIC suggests, and the relief requested by the Association is grounded in well-established and long-standing Washington insurance law.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

The following material facts are not in dispute:

- At least some of the water intrusion damage at issue was caused by defective construction/maintenance that has allowed water to penetrate the building's envelope;

- The policies issued by AIC contain an exclusion for damage "caused by" defective construction/maintenance;

- The AIC policies contain an endorsement stating that "caused by" means the peril in question must either: (1) be the direct **_and_** sole cause of the loss, or (2) initiate a sequence of events that causes the loss; and

- The defective construction/maintenance exclusion contains an "ensuing loss" provision that provides that if a covered cause of loss (i.e., one not specifically excluded) ensues from defective construction/maintenance, that loss is covered.

Given the agreement between the parties on these material facts, the question presented is ripe for summary judgment and is as simple as: "Is the ensuing loss of water intrusion damage excluded under the terms of the policy?" If water intrusion damage is not excluded, it is covered by virtue of the ensuing loss provision. If water intrusion damage is excluded, there is no coverage despite the ensuing loss language.

As set forth in the Association's initial moving papers, and as is further outlined below, AIC can make no credible argument that water intrusion damage, a "separate and distinct" peril under Washington insurance law, is excluded under the terms of the policies that AIC sold. As a result, the Court should grant the Association's motion and significantly streamline the issues to be presented at trial.

//

//

//

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 2
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

## II. REPLY

**A. AIC SHOULD NOT BE ALLOWED TO PLAY FAST AND LOOSE REGARDING CAUSATION.**

In its opposition, AIC attempts to hedge on the issue of causation. This should be rejected. As pointed out in the Association's moving papers, AIC took an unqualified position regarding causation—twice. In AIC's first denial letter, AIC stated directly that:

> *Any such damage [referring to water intrusion damage] would result from inadequate or defective construction and maintenance leading to a sequence of events including water, apparently from rain, that penetrated through the exterior cladding which then resulted in the damage to the sheathing and framing.*[1]

AIC then doubled down in its second denial (AIC's response to the Association's IFCA notice), stating unconditionally:

> *[T]o the extent there is damage to the building components due to water intrusion, such damage was the result of a 'sequence of events' that were set in motion by the original defects in the construction of the building, together with subsequent inadequate repairs and maintenance. . . .*[2]

Any attempt to deviate from these prior admissions is backpedaling and should be rejected by the Court.

**B. IN ARGUING THAT WATER INTRUSION IS NOT A LEGITIMATE ENSUING LOSS, AIC IGNORES A DECISION FROM THE WESTERN DISTRICT THAT IS DIRECTLY ON POINT.**

AIC spends much of its opposition attempting to persuade the Court that the Association's reading of the ensuing loss provision is "absurd" and that water intrusion damage from defective construction is not really an "ensuing loss" as that phrase is used in insurance law. AIC knows, or should know, that this argument has no merit.

---

[1] Dkt. # 21-4, p. 9 (emphasis added).
[2] Dkt. # 21-6, p. 6 (emphasis added).

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

Judge Rothstein's decision in *Greenlake Condominium Association v. Allstate Insurance Company*[3] is directly on point. Like here, the *Greenlake* case involved long-term water intrusion damage resulting from a combination of construction defects and wind-driven rain. Also like here, the insurer denied the claim, stating that the damage to the condominium was caused by inadequate construction which was excluded by the policy.[4] In the face of arguments virtually identical to those raised by AIC, Judge Rothstein held the following:

> The Policy excludes damage caused by inadequate construction, but also provides coverage for ensuing loss that is not excepted. To the extent that Plaintiff seeks contractual interpretation by the Court, such interpretation is a matter of law which should be decided by the Court prior to trial. ***Because water damage is not excluded, an ensuing loss of water damage that is caused by inadequate construction is covered by the Policy.***[5]

Pursuant to Judge Rothstein's Order, water intrusion damage is a "separate and distinct" peril,[6] and to the extent it results from defective construction and is not otherwise excluded, it is covered where the policy contains an ensuing loss provision like the one contained in the AIC policies.

### C. AIC MISUNDERSTANDS APPLICATION OF THE EFFICIENT PROXIMATE CAUSE RULE IN THIS CONTEXT.

AIC also spends a considerable amount of time on the issue of the efficient proximate cause rule, going so far as to call it the "core issue" of this motion.[7] The efficient proximate cause rule has almost no relevance to this motion.

For the purposes of this motion, the Association is willing to stipulate that the efficient proximate cause of the water intrusion damage is defective construction and/or

---

[3] *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2015 WL 11988945 (W.D. Wash. Dec. 23, 2015).
[4] *Id.* at *2.
[5] *Id.* at *8.
[6] *Id.* at *7.
[7] Dkt. # 23, p. 6, ll. 9-10.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

maintenance as AIC maintains in its denials.[8] Similarly, the Association is willing to concede, again for the purposes of this motion, that AIC's policy contains valid inverse proximate cause rule language and that defective construction/maintenance did, in fact, set into motion a sequence of events sufficient to trigger that inverse proximate cause language. None of that matters. The defective construction/maintenance exclusion contains an ensuing loss provision and, as discussed below, because the policy does not exclude water intrusion damage, any water intrusion damage that ensued from defective construction/maintenance is covered.

AIC further contends that the Court needs to do a separate efficient proximate cause analysis as to the ensuing loss of water intrusion damage, and that under Washington law "where multiple efficient proximate causes may exist, it is for the factfinder to decide which is true."[9] This argument demonstrates a fundamental misunderstanding of Washington insurance law.

Where a policyholder is relying on an ensuing loss clause, they are by definition saying that the cause of the ensuing loss is the otherwise excluded peril that is subject to the ensuing loss clause exception. If this were not the case, discussion of the ensuing loss provision would make no sense. In line with this reality, the Association is necessarily agreeing for the purposes of this motion that the water intrusion damage was caused by the otherwise excluded peril of defective construction/maintenance, but that the resultant water intrusion damage is nevertheless covered by virtue of the ensuing loss provision. As such,

---

[8] To be clear, by stipulating to the efficient proximate cause for the purposes of this motion, the Association is not waiving its right to argue that the efficient proximate cause was weather/wind-driven rain or that the loss was caused by defective construction and weather/wind-driven rain acting concurrently.

[9] Dkt. # 23, p. 20, ll. 20-21.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1 there is no need for an efficient proximate cause analysis as to the ensuing water intrusion
2 damage as the issue of what caused the ensuing loss is not in controversy.

3 The law AIC cites in its motion regarding issues properly for a jury applies to
4 situations where there are *competing* theories regarding the efficient proximate cause of a
5 given loss. The Association would admit that where that situation exists, the issue is not one
6 to be resolved on summary judgment.

7 **D.   WATER INTRUSION DAMAGE IS COVERED UNDER THE TERMS OF THE POLICIES.**

8 As indicated above, the true "core" issue for this motion is whether or not the ensuing
9 loss of water intrusion damage is excluded under the policies at issue. On that issue, AIC
10 makes essentially two arguments:  (1) that the "initiate a sequence of events" language
11 contained in its endorsement effectively eviscerates the ensuing loss provision; and (2) that
12 its decay, deterioration, and/or latent defect exclusions exclude water intrusion damage. Both
13 arguments fail.

14 While it is true that the policies issued by AIC exclude loss where defective
15 construction/maintenance initiates a sequence of events that leads to the loss in question, that
16 exclusion is subject to an ensuing loss provision. In the face of such a provision, AIC bears
17 the burden of pointing to a specific exclusion within the policy that excludes the peril of
18 water intrusion damage.[10] To buy into AIC's circular argument regarding the effect of the
19 "initiating a sequence of events" language would be to effectively delete the ensuing loss
20 provision that is found in the same endorsement that contains the language relied upon by
21 AIC. It would also fly in the face of how all-risk policies are interpreted in the state of
22 Washington.[11] No case cited by AIC, nor any Washington law on the issue, supports AIC's

23 ------

24 [10] *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501, 515, 276 P.3d 300, 307 (2012).
[11] *Id.* at 513-14.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 6
(No. 2:19-CV-156 MJP)



Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

position and, in fact, doing as AIC requests would be to violate the most treasured canon of insurance interpretation—i.e., the Court shall not write in or delete words from an insurance policy.

AIC's arguments as to the remainder of the exclusions ignores the lead-in language it so desperately argues for in claiming the loss at issue is excluded by the defective construction/maintenance exclusion. Under the definition of "caused by" inserted by AIC in its policies, the exclusions of decay, deterioration, hidden or latent defect, etc. only apply if they either: (1) initiate a sequence of events that leads to the loss; or (2) are the direct **_and_** sole cause of the loss. Given the position taken by AIC in its denials, neither can be true.

The position taken by AIC in its denials was clear and absolute:

> *[S]uch damage [referring to water intrusion damage] was the result of a "sequence of events" that were set in motion by the original defects in the construction of the building, together with subsequent inadequate repairs and maintenance . . . .*
>
> \* \* \*
>
> *Any such damage [referring to water intrusion damage] would result from inadequate or defective construction and maintenance leading to a sequence of events including water, apparently from rain, that penetrated through the exterior cladding which then resulted in the damage to the sheathing and framing.*

These statements regarding causation could not be more specific and unconditional. Any argument that decay, deterioration, hidden or latent defect, etc. either initiated a sequence of events that led to the loss or that they are the direct **_and_** sole cause of the loss is belied by AIC's prior admissions on the topic. The Court should not condone this type of double-talk by an insurer doing business in the state of Washington.

It should also be noted that AIC in its opposition is not entirely forthright with respect to the language of its own policy. On page 23 of its opposition AIC states that "the Denial

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 7
(No. 2:19-CV-156 MJP)



Letter indicates that AIC identified decay as a 'direct' cause of loss, explaining 'decay or deterioration would itself' be excluded." As identified above, the policy provision in question is not disjunctive, it is conjunctive. In order for the decay exclusion to apply, it would need to be the direct ***and sole*** cause of the loss. And as we know from the statements of AIC in its denial letters, AIC has identified multiple additional causes (i.e., construction defects, maintenance, rain, etc.) such that AIC lacks any credibility when attempting to now argue that decay was the ***sole*** cause of the water intrusion damage.

### E. THE STRUCTURE AND CONTEXT OF THE POLICIES ACTUALLY SUPPORT COVERAGE FOR WATER INTRUSION DAMAGE.

AIC makes much of the notion that the Court must read the policy in its entirety and that it must interpret each provision in context with the overall structure of the policy. The Association agrees. Ironically, when one does this, coverage for water intrusion becomes even more clear.

In the *Greenlake* case discussed above, Judge Rothstein analyzed the structure and context of a policy very similar to the ones at issue in this case. Under the heading "Allstate's all-risk policy does not exclude, and therefore covers, damage to exterior sheathing and framing caused by rain, weather conditions or repeated leakage of water," Judge Rothstein wrote the following:

> This is a matter of contract interpretation which should be decided by the Court prior to trial. The Policy excludes coverage from damage caused by "weather" under two circumstances – first, in paragraph 3(a), damage from weather is excluded if it involves one of the perils listed in paragraph 1, none of which apply here. Second, paragraph 2(b) excludes coverage for damage for "property in the open caused by rain ... [or] loss to the interior of the building of the covered property caused by: Rain ...." Interpreting this language as an average purchaser would understand it, and resolving ambiguity in favor of the insured, the Court finds that the sheathing and framing of the exterior walls of the Condominium is not "property in

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 8
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

the open," i.e., completely uncovered property. Nor is damage to sheathing and framing of the exterior walls of the Condominium damage to the "interior of the building," which is more properly be understood as damage to fixtures within the internal walls of the building. Finally, there is no exclusion for "water damage" or for "repeated leakage of water." Accordingly, none of these exclusions apply and the Court holds, as a matter of law, that the Policy covers damage caused by rain, weather conditions, or water.[12]

The policies issued by AIC contain very similar language. First, just as in the Allstate policy that Judge Rothstein analyzed, AIC's policy contains the following exclusion:

> Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Section B.1. above to produce the loss or damage.[13]

Section B.1. referenced in this exclusion lists the following perils: (1) Ordinance or Law; (2) Earth Movement; (3) Governmental Action; (3) Nuclear Hazard; (4) Power Failure; (5) War and Military Action; and (6) Flood. Obviously, none of these are relevant here.

Additionally, the AIC policy contains the following exclusion:

> We will not pay for loss or damage to the interior to any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow sand or dust enters.[14]

This exclusion tracks the exclusion from the Allstate policy in the *Greenlake* order. And just like in *Greenlake*, the Association is not making claim for loss or damage to the interior of any building or structure at the property.

Given the inclusion of these exclusions in the AIC policies, finding coverage for water intrusion would be appropriate even if AIC had not included the endorsement that modifies the phrase "caused by" discussed above. Moreover, it is perfectly reasonable for the

---

[12] *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2015 WL 11988945, at *9 (W.D. Wash. Dec. 23, 2015) (internal citations omitted).
[13] Dkt. # 21-7, p. 139, ¶B.3.a.
[14] Dkt. # 21-7, p. 139, ¶A.4.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 9
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

average purchaser of insurance to believe that the AIC policies cover damage caused by weather and/or wind-driven rain given that there are specific exclusions for those perils, but those specific exclusions are self-limiting to situations not at issue here.

### F. THE ASSOCIATION IS NOT ARGUING FOR ESTOPPEL.

In an attempt to confuse the Court regarding the issues presented, AIC claims that the Association is relying on estoppel arguments to obtain the relief requested. This is not accurate. The Association is simply arguing that AIC should not be allowed to change its position (or mend its hold) on the issue of causation. AIC took a very specific position on what caused the loss in question, and by virtue of that position AIC hamstrung its ability to credibly argue for application of exclusions for decay, deterioration, hidden or latent defect, etc. The Court does not need to rule on the issue of estoppel; it merely needs to hold AIC to the positions taken in its denial letters.

### G. AIC'S ARGUMENT REGARDING THE "COMMENCEMENT CLAUSE" IS A RED HERRING.

Toward the end of its opposition, AIC introduces the issue of commencement, arguing that it creates an issue of fact sufficient to avoid summary judgement. This is a red herring as the Association is not seeking relief as to this issue.

The Association is simply asking the Court to hold that, to the extent there is water intrusion damage that ensued from defective construction/maintenance, and that some portion of that damage "commenced" (as that term has been defined by courts applying Washington law) during the relevant policy periods, that water intrusion damage is covered. The Association fully appreciates that even were it to obtain the relief requested, it would still need to prove a number of things including: (1) the quantum of water intrusion damage at the property; (2) that some portion of that damage commenced during the relevant policy

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 10
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

periods; (3) the cost of repairing the water intrusion damage; and (4) that AIC has no valid known loss or late notice arguments that could defeat coverage. That said, granting the relief sought by the Association would still greatly reduce the issues to be presented at trial and is appropriate given the lack of factual issues related to the relief requested.

### H. THE ASSOCIATION'S MOTION IS NOT PREMATURE AND AIC WILL HAVE AMPLE OPPORTUNITY TO CONDUCT DISCOVERY ON THE REMAINING ISSUES IN THIS CASE.

In its final argument (made both in the opposition itself and the declaration submitted therewith), AIC argues that the Association's motion is premature, and that if the Court were to grant the Association's motion, AIC would be deprived of discovery it is entitled to conduct. This, too, is a red herring.

AIC states that it is entitled to discovery on the following issues:

- When water staining was identified;
- Evidence relating to a 2001 investigation;
- Depositions of Board members of the Association;
- An alleged flood in 2017.

All of these issues relate to AIC's commencement, known loss, and/or late notice arguments. As indicated above, the Association is not attempting to prevent AIC from conducting discovery on this issue and, in fact, has facilitated discovery into these issues and will continue to do so.

As to the issues presented in this motion, however, the Association is relying exclusively on positions taken by AIC itself and the findings of the experts hired by AIC. There is absolutely nothing that will be learned through discovery that will change the fact that both parties agree that: (1) there is some level of water intrusion damage that resulted from defective construction/maintenance; (2) AIC has taken the unqualified position that it

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 11
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

was defective construction that initiated a sequence of events, including rain, that ultimately led to the loss; and (3) the policy says what it says regarding ensuing loss. The issues presented by the Association are absolutely ripe for summary judgement adjudication, and by ruling on the issues presented the Court will not prevent any of the discovery AIC claims it needs to conduct.

### III.  CONCLUSION

Despite AIC's efforts to complicate the issue presented to the Court, this issue is straightforward. Given the inclusion of the ensuing loss provision in the defective construction/maintenance exclusion, and given that AIC itself has identified defective construction/maintenance as the efficient proximate cause of this loss, AIC must cite a specific exclusion that excludes the water intrusion damage identified at the condominium. AIC cannot meet this burden. Because water intrusion damage is not excluded, an ensuing loss of water intrusion damage that is caused by defective construction/maintenance is covered under the AIC policies.

DATED this 2nd day of August, 2019.

                                   ASHBAUGH BEAL

                                   By s/ Zachary O. McIsaac
                                       Jesse D. Miller, WSBA #35837
                                       jmiller@ashbaughbeal.com
                                       Zachary O. McIsaac, WSBA #35833
                                       zmcisaac@ashbaughbeal.com
                                       Attorneys for Plaintiff

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 12
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900 F. 206.344.7400

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Robert M. Sulkin – rsulkin@mcnaul.com
>Malaika M. Eaton – meaton@mcnaul.com
>Curtis C. Isacke – cisacke@mcnaul.com
>MCNAUL EBEL NAWROT & HELGREN PLLC
>*Attorneys for The American Insurance Company*

The foregoing is true and correct to the best of my knowledge and belief.

Dated this 2nd day of August, 2019, at Seattle, Washington.

>s/ Teresa MacDonald
>Teresa MacDonald

REPLY IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 13
(No. 2:19-CV-156 MJP)

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400