UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BELMAIN PLACE CONDOMINIUM OWNERS ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. C19-156 MJP<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 20),

2. Defendant's Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 23),

3. Plaintiff's Reply in Support of Motion for Partial Summary Judgment (Dkt. No. 25),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

**Background**

Defendant American Insurance Company insured Plaintiff Belmain Condominium Association's building from 2008 through 2016. There is no dispute that the policy language at issue was the same in all the policies issued by Defendant over this period.

The following provisions of the insurance contract are the subject of the lawsuit. These provisions are contained in endorsements which Defendant attached to the policies, endorsements which changed the lead-in paragraphs to all the exclusions contained in the policies. First is an endorsement entitled "Washington Changes -- Excluded Causes of Loss," which states

> [I]n the sections titled Covered Causes of Loss or Exclusions, any introductory paragraph preceding an exclusion or list of exclusions is replaced by the following paragraph, which pertains to application of those exclusions:
>
> We will not pay for loss or damage caused by any of the excluded events described below. Loss or damage will be considered to have been caused by an excluded event if the occurrence of that event:
> a. Directly and solely results in loss or damage; or
> b. Initiates a sequence of events that results in loss or damage, regardless of the nature of any intermediate or final event in that sequence.

Dkt. No. 21, Decl. of McIsaac, Ex. H. Additionally, the policies state that the defective construction/maintenance exclusion (B.3.c. in the original Causes of Loss provision of the policy) is

replaced by exclusion in paragraph C.2. below:

C. 2. Exclusions
    b. Faulty, inadequate or defective:
        (1)    Planning, zoning, development, surveying, siting;
        (2)    Design specifications, workmanship, repair, construction, renovation, remodeling, grading compacting;
        (3)    Materials used in repair, construction, renovation or remodeling; or
        (4)    Maintenance;

of part or all of any property on or off the described premises. **But if loss or damage by a Covered Cause of Loss results, we will pay for that resulting loss or damage.**

Id. (emphasis supplied). The highlighted section is referred to as an "ensuing loss" provision. Since the policies are "all-risk" policies, any loss or peril which is not specifically excluded is covered.

On February 27, 2018, Plaintiff submitted a claim for coverage based on water intrusion damage that had been discovered on the property. Id. at Ex. A. The inspector retained by Defendant concluded that the water intruded on the property due to defects in the original construction and improper maintenance. Id. at Ex. C.

On September 20, 2018, Defendant sent a letter to Plaintiff denying coverage. The letter contains a list of construction "deficiencies" in the condo building which would permit water penetration into the structure and concludes that "[a]ny such damage would result from inadequate or defective construction and maintenance leading to a sequence of events including water, apparently from rain, that penetrated through the exterior cladding which then resulted in the damage to the sheathing and framing," and on that basis found that the damage fell "within

the exclusions for faulty, inadequate or defective construction, repairs and maintenance." Id. at Ex. D.[1]

Plaintiff disagreed with Defendant's interpretation of the policies and pursued its remedies, in the course of which the Association sent an Insurance Fair Conduct Act ("IFCA") notice to its insurer. Defendant responded to that notice on December 18, 2018. The response noted Plaintiff's citation to the "ensuing loss provision" and asserted that

> … any damage to elements beneath the cladding from water intrusion would not be covered as an "ensuing loss" to the extent it resulted from faulty or inadequate construction, repairs or maintenance.

Id., Ex. F. The IFCA response went on to state that "to the extent there is damage to the building components due to water intrusion, such damage was the result of a 'sequence of events' that were set in motion by the original defects in the construction of the building, together with subsequent inadequate repairs and maintenance…" Id.

Plaintiff seeks a ruling that, based on Defendant's admissions that the water intrusion damage in the condo building was caused by construction defects/inadequate maintenance that initiated a sequence of events allowing water to damage the building, Plaintiff is entitled to coverage under the terms of the policy.

## Discussion

Plaintiff's position is fairly simple: "water intrusion/damage" is not mentioned as an "exclusion" in the all-risk policy, therefore it is a cause of damage which the policy covers, thus it falls under the "ensuing loss" provision regardless of whether it was initiated by an excluded form of damage; i.e., construction defects or inadequate maintenance. The Association also

---

[1] It should be noted (as Defendant does) that the letter also included a reservation of rights to assert additional coverage defenses. Id.

contends that Defendant has admitted that the water intrusion damage originated with faulty construction and poor maintenance and should be bound by that admission.

Defendant asserts that "[e]nsuing loss provisions are exceptions to policy exclusions and should not be interpreted to create coverage." Wright v. Safeco Ins. Co. of Amer., 124 Wn.App. 263, 274 (2004). The insurer argues that its policy is written to create an "inverse efficient proximate cause" rule which means that if an excluded event (e.g., defective design or workmanship) is the efficient proximate cause of a claimed loss, an ensuing loss provision will not preclude denial of coverage. Vision One, LLC v. Phila. Indemn. Ins. Co., 174 Wn.2d 501, 519 (2012). Defendant cites the Vision One opinion as upholding the rule that language like theirs (defining "cause" as the result of an excluded event which "[i]nitiates a sequence of events that results in loss or damage;" Id. at 520) requires an "inverse efficient proximate cause" analysis which defeats coverage in this instance (where the "initiating event" in the sequence is an excluded event).

On the surface, the "ensuing loss" provision in Defendant's policies would appear to permit coverage in this situation. While "[f]aulty, inadequate or defective… construction… or maintenance" are listed as exclusions in the policies (and Plaintiff is willing to concede that defective construction was the "efficient proximate cause" of the water intrusion damage to the building; Dkt. No. 25, Reply at 4), the "ensuing loss" provision in the "Exclusions" section states that "if loss or damage by a Covered Cause of Loss results, we will pay for that resulting loss or damage." Damage from water intrusion is not a specified inclusion, therefore (the argument goes) under the policy it qualifies as a "covered cause of loss."[2]

---

[2] This "ensuing loss" language and the efforts to apply it in "all-risk" policies are not without their own problems. As the Sixth Circuit has pointed out (in a case not dissimilar to this one)

However, Washington case law has carved out a sizeable exception permitting insurance companies to draft "all-risk" policies which, while including "ensuing loss" provisions, nevertheless allow them to deny coverage where an excluded event initiates a chain of events resulting in an arguably covered loss. To understand the evolution of this area of law, it is necessary to understand, first, the "efficient proximate cause" rule, a rule which

> addresses the issue of whether an all-risk insurance policy covers a loss caused by two or more perils when one of the perils is excluded and the other peril is covered… "It is the efficient or predominant cause which sets into motion the chain of events producing the loss which is regarded as the proximate cause, not necessarily the last act in a chain of events."

Findlay v. United Pacific Ins., 129 Wn.2d 368, 372 (1996)(*quoting* Graham v. Public Employees Mut. Ins. Co, 98 Wn. 2d. 538 (1983)).

Nevertheless,

> [t]he efficient proximate cause rule applies only when two or more perils combine in sequence to cause a loss and a *covered peril* is the predominant or efficient cause of the loss… The opposite

---

[Plaintiff] acknowledges… that faulty workmanship allowed water to seep into the walls. But the intruding water, it argues, nonetheless amounts to a "peril not otherwise excluded" because the water caused some of the damage, and water-related damage is not otherwise specifically excluded--making it an "ensuing loss" and thus a covered loss.

Instead of carving out an exception to this exclusion, this theory of interpretation would create a virtual, if not complete, exclusion of the exclusion. When a policy excludes "loss or damages . . . caused by or resulting from . . . faulty . . . workmanship . . . [or] construction" of a building, it should come as no surprise that the botched construction will permit the elements--water, air, dirt--to enter the structure and inside of the building and eventually cause damage to both. [Plaintiff]'s chain of reasoning--that water technically was the final causative agent of the damage, as opposed to the faulty construction, that "water damage" is not specifically excluded from the policy, that coverage accordingly applies--essentially undoes the exclusion.

TMW Enters. v. Fed. Ins. Co., 619 F.3d 574, 576 (6th Cir. 2010). The opinion goes on to pose hypotheticals in which faulty construction allows air to enter into an area where it causes damaging rust, or where defective beams collapse, and to inquire whether damages caused by "air" and "gravity" are "covered causes of loss" falling under an "ensuing loss" provision in an all-risk policy.

> proposition… is not a rule of law. When an *excluded peril* sets in motion a causal chain that includes covered perils, the efficient proximate cause rule does *not* mandate exclusion of the loss.

Vision One, 174 Wn.2d at 519 (emphasis in original; citations omitted). Citing Findlay[3], though, the Washington Supreme Court indicated that they "have left open the possibility that an insurer may draft policy language to deny coverage when an excluded peril initiates an unbroken causal chain." Id. at 520.

Like the policy at issue here, the Vision One all-risk policy defined "cause" (relative to an excluded event "causing" loss or damage) as

> when the excluded event "[d]irectly or solely" causes the loss or damage *or* (2) when the excluded event "[i]nitiates a sequence of events that results in loss or damage."

Id. The Washington Supreme Court in Vision One ended up ruling against the insurance company and in favor of coverage, not because the language of the policy was inadequate to establish the exclusion, but because in its denial letter the insurance company relied <u>exclusively</u> on the first causation prong ("directly or solely" caused) and <u>not</u> on the second ("initiates a sequence of events") prong. Further, the denial letter identified the "direct and sole" cause of the damage as "faulty workmanship," which, although it was an "excluded peril" under the policy, contained an "ensuing loss" provision. "Coverage must be determined under the policy language [Defendant] relied upon when it denied coverage… A provision must be asserted as a basis for denying coverage," said the Vision One court (id.), and the insurer was stuck with the basis for denial which it had articulated, a basis which provided inadequate grounds for exclusion.

In what amounts to *dicta*, though, the court stated:

---

[3] "We did not forbid the use of clear policy language to exclude a specifically named peril from coverage." 129 Wn.2d at 376.

> [T]his second prong (i.e., when the excluded event "initiates a sequence of events that results in loss or damage") *may* permit the sort of inverse efficient proximate cause analysis we allowed for in Findlay.

Id. at 521 (emphasis supplied).

In its briefing on this motion, Plaintiff (1) concedes, not only that faulty construction was the efficient proximate cause of the damage, but that their policy "contains valid inverse proximate cause rule language and that defective construction/maintenance did, in fact set into motion a sequence of events sufficient to trigger that inverse proximate cause language" (Reply at 5) and (2) fails to address the impact of Vision One, an omission which leaves Defendant's argument that Vision One dictates the outcome of this motion unchallenged.

Plaintiff relies instead on a ruling by the Honorable Barbara J. Rothstein of this district from several years ago which found liability for water intrusion damage despite a "faulty construction" exclusion. Greenlake Condominium Assoc'n v. Allstate Ins Co., C14-1860 BJR, 2015 WL 11988945 (W.D. Wash. Dec. 23, 2015). But Greenlake Condo is distinguishable from these facts – the policy language there only excluded coverage for damage "caused by" faulty construction, not for damage which had occurred in a "sequence of events initiated by" an excluded peril. Id. at *10. Judge Rothstein rejected the insurance company's argument that denial was justified on the basis of this clause, stating "Simply excluding damage 'caused by' a peril is a far cry from the explicit [inverse efficient proximate cause] language provided as an example by the Vision One court." Id. Greenlake Condo does not further Plaintiff's cause.

**Conclusion**

The Court denies Plaintiff's motion on two grounds. First, the *dicta* cited above from Vision One points most definitely to the result sought by Defendant; namely, a finding that an insurance company can legitimately seek protection from an "ensuing loss" provision in the

circumstance where an excluded peril sets in motion a chain of events leading to a loss from a covered peril. The Court finds it significant that Defendant here did everything that the insurance company in Vision One failed to do; namely, relied on the "initiates a sequence of events" causation prong and did so repeatedly in its denial letters. As a federal court applying state law, it is the role of this Court to predict what the Washington Supreme Court would do in these circumstances, and Vision One dictates a prediction that Washington law favors Defendant's position regarding coverage under these facts.

Second, this Court cannot help but subscribe to the TMW court's opinion that Plaintiff's "theory of interpretation would create a virtual, if not complete, exclusion of the exclusion." Plaintiff's position has the potential to swallow the exclusions in an all-risk policy whole. The Vision One position is the more equitable and, by the Court's reading of these contracts, more representative of the parties' intentions.

Plaintiff's request for partial summary judgment in favor of coverage under its policies with Defendant is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 4, 2019.

Marsha J. Pechman
United States Senior District Judge